1 **WO**

2 NOT FOR PUBLICATION

3

4

5

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

8

| | | |
|---|---|---|
| 9 | National Hockey League, ) | No. CV-10-1036-PHX-GMS |
| 10 | Plaintiff, ) | **ORDER** |
| 11 | vs. ) | |
| 12 | ) | |
| 13 | Jerry Moyes, Vickie Moyes, and The Jerry ) and Vickie Moyes Family Trust, ) | |
| 14 | Defendants. ) | |
| 15 | _____ ) | |

16

17      Prior to the initiation of this action, the Phoenix Coyotes, a National Hockey League

18 ("NHL") franchise, filed for Chapter 11 bankruptcy (the "Bankruptcy Proceeding") in the

19 United States Bankruptcy Court for the District of Arizona ("Bankruptcy Court").  The

20 Bankruptcy Proceeding is still pending. The present case commenced on March 5, 2010,

21 when Plaintiff NHL filed a civil action in the Supreme Court of the State of New York,

22 County of New York. (Doc. 1). Defendants removed this action to the Southern District of

23 New York.  Defendants asserted that this action is related to the ongoing Bankruptcy

24 Proceeding and thus based removal jurisdiction on 28 U.S.C. § 1334(b), which provides that

25 "the district courts shall have original but not exclusive jurisdiction of all civil proceedings

26 arising under title 11, or arising in or related to cases under title 11." (Doc. 1).  Pursuant to

27 28 U.S.C. § 1404(a), the Southern District of New York then transferred this case to the

28 District of Arizona as a more convenient forum. (Doc. 25, 29).

Two motions are pending before the Court: Defendants' Motion to Dismiss (Doc. 22) and Plaintiff's Motion to Remand to New York state court (Doc. 26). On July 23, 2010, this Court entered an Order to Show Cause why this matter should not be referred to the Bankruptcy Court pursuant to General Order 01-15 of this District. General Order 01-15 provides that "all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11" are referred to the "bankruptcy judges for this District." (Doc. 61). The Court held oral argument on August 27, during which the NHL opposed and Defendants favored referral. For the following reasons, the Court refers this proceeding to the Bankruptcy Court to the extent the Bankruptcy Court has jurisdiction to decide any current or pending matters.

**DISCUSSION**

In determining whether to refer the matter to the Bankruptcy Court, the Court must consider whether the Bankruptcy Court has jurisdiction to hear the proceeding at all, whether the circumstances warrant referral or withdrawal of the reference, and the appropriate *timing* for withdrawal, if any.

A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A bankruptcy court may also hear "a proceeding that is not a core proceeding but that is otherwise related to a case under title 11." *Id.* § 157(c)(1). The parties do not appear to dispute (1) that this is a non-core proceeding[1] and (2) that the Bankruptcy Court nonetheless would have jurisdiction over this matter because at least some of the claims are "related to" the Bankruptcy Proceeding, meaning that the "outcome could conceivably have any effect on the bankruptcy estate." *See In re ACI-HDT Supply Co.*, 2005 B.R. 231, 237 (B.A.P. 9th Cir. 1997).

Even where a bankruptcy court would have jurisdiction, "[t]he district court may

---

[1] Defendants asserted that the claims are non-core in their Petition for Removal. (Doc. 1 at ¶ 8).

- 2 -

withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[2]  In determining whether cause exists, the Ninth Circuit considers "'the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.'" *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)).  The parties do not appear to dispute that, at least at some point, withdrawal of the reference would be appropriate for two main reasons.  First, the NHL has requested a jury trial, which the Bankruptcy Court may not conduct. *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990).  Second, as a non-core matter, the Bankruptcy Court may not enter final judgments without the parties' consent. *In re Don's Making Money, LLLP*, 2007 WL 1302748, at *5 (D. Ariz. May 1, 2007) (citing *In re Castlerock Props.*, 781 F.2d 159, 161 (9th Cir. 1986)).  Although these facts raise concerns about the efficient and constitutional use of judicial resources, they do not mandate that this Court decline to refer the matter to the Bankruptcy Court *at this time*, but instead suggest merely that withdrawal of the reference may prove necessary in the future.

Although a Bankruptcy Court may not conduct a jury trial without raising constitutional concerns, *Cinematronics*, upon which Plaintiff relies heavily, did not hold that a district court must immediately assume jurisdiction any time a party requests a jury trial. 916 F.2d at 1451.  To the contrary, the "Court may also consider that judicial efficiency is best served by allowing necessary pretrial issues, some of which may obviate the need for a jury trial altogether, to proceed in bankruptcy court." *In re Gorilla Cos., LLC*, 2009 WL 3241759, at *4 (D. Ariz. Oct. 2, 2009) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101–02 (2d Cir. 1993)).  The majority of courts in this District addressing this issue have held that bankruptcy courts generally are best equipped to manage all pretrial issues and that

---

[2] Section 157 also provides for mandatory withdrawal in circumstances not relevant here.

- 3 -

1 the ultimate need for district court adjudication is speculative. *See Gorilla*, 2009 WL
2 3241759, at \*4 (denying a request for a withdrawal of the reference because the bankruptcy
3 court could better adjudicate pretrial matters); *In re Global Grounds Greenery, LLC*, 2008
4 WL 2508782, at \*1–2 (D. Ariz. June 19, 2008) (holding that the bankruptcy court's
5 knowledge of the "factual underpinnings" of the case made immediate withdrawal
6 unnecessary despite the plaintiff's jury demand); *Don's Making Money, LLLP*, 2007 WL
7 1302748, at \*7 ("Even where the presence of non-core claims and a jury demand dictate that
8 the reference to the bankruptcy court ultimately may have to be withdrawn, a district court
9 may exercise its discretion not to withdraw the reference immediately where, for example,
10 the bankruptcy court is already familiar with the relevant facts and issues, and the issues
11 triable by a jury are not yet ripe for trial.").

12 The cases cited by Plaintiff are inapposite. While *In re TFS Elec. Mfg. Servs., Inc.*
13 declined to withdraw the reference, it did so in order to bring three parties together in a single
14 court—the district court—as a more efficient way to conduct pretrial discovery and case
15 administration. 2007 WL 44635, at \*2–3 (D. Ariz. Feb. 7, 2007). The present case offers no
16 concern about bringing multiple parties together before the district court for case
17 administration, nor does this case present other compelling reasons why the Bankruptcy
18 Court would be an inefficient forum. Furthermore, *In re Daewoo Motor Am., Inc.*, which
19 Plaintiff cites, actually counsels in favor of referral. 302 B.R. 308, 314–15 (Bankr. C.D. Cal.
20 2003). In *Daewoo*, the court declined with withdraw the reference where a jury trial had not
21 been requested; *Daewoo* offers no reason why the outcome should be different in the present
22 case. *Id.*

23 The Court also rejects the NHL's assertion that referral is inappropriate simply
24 because the Bankruptcy Court cannot enter final judgments in non-core matters. *See*
25 *Castlerock*, 781 F.2d at 161; *Don's Making Money*, 2007 WL 1302748, at \*5. The NHL
26 contends that this limitation would prevent the Bankruptcy Court from deciding the pending
27 Motion to Dismiss, which would make referral inefficient. Despite this limitation, both the
28 Ninth Circuit and this District have recognized that, in non-core proceedings, "'the

1 bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a
2 magistrate or special master.'" *Don's Making Money*, 2007 WL 1302748, at *5 (quoting
3 *Castlerock*, 781 F.2d at 161)). While the Bankruptcy Court cannot issue final judgments, it
4 may make "'findings of fact and conclusions of law'" that are subject to de novo review. *Id.*
5 The Bankruptcy Court possesses expertise that may help it determine whether to remand the
6 case and whether certain claims are preempted by the bankruptcy code. Even if, as Plaintiff's
7 counsel suggests, the legal expertise required would be minimal when deciding remand or
8 preemption issues, the Bankruptcy Court likely would still prove more efficient given its
9 factual expertise over allegations common to this action and the underlying Bankruptcy
10 Proceeding. *See Global Grounds*, 2008 WL 2508782, at *1–2 (holding that withdrawal of
11 the reference is inappropriate where "the bankruptcy court is already familiar with the parties
12 and many of the *factual* underpinnings of plaintiff's claims" and where "it appears that
13 contentions similar to those in plaintiff's complaint have already been presented to the
14 bankruptcy court in plan confirmation hearings") (emphasis added); *Don's Making Money*,
15 2007 WL 1302748, at *7 (holding that immediate withdrawal of the reference is unnecessary
16 where the bankruptcy court is familiar with the relevant facts and issues and where the case
17 is not ripe for trial). Referral to the Bankruptcy Court, therefore, would allow the Court and
18 the parties to take advantage of the Bankruptcy Court's expertise, with this Court ultimately
19 retaining the ability to issue a final judgment if required.

20 For similar reasons, none of the factors articulated by the Ninth Circuit require this
21 Court to ignore its Standing Order regarding referrals of cases related to bankruptcy
22 proceedings. *See Canter*, 299 F.3d at 1154. Having the Bankruptcy Court examine the
23 pending Motions and manage other pretrial matters would avoid delay and costs to the parties
24 and encourage uniformity of bankruptcy administration because the Bankruptcy Court has
25 preexisting familiarity with the law, facts, and parties. While withdrawal of the reference
26 ultimately may prove necessary, judicial efficiency is best served at this juncture by
27 following this District's standard procedure and referring the matter to the Bankruptcy Court.
28 **IT IS THEREFORE ORDERED** that this matter be **referred to the Bankruptcy**

1  **Court** for this District. The Court may consider a future request for a withdrawal of the
2  reference only to the extent the Bankruptcy Court must issue orders or hold proceedings that
3  are inconsistent with its jurisdiction under federal law.
4  　　　DATED this 15th day of September, 2010.

　　　　　　　　　　　　G. Murray Snow
　　　　　　　　　　　　United States District Judge